UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK POLLACK,<br><br>    On behalf of himself and all other similarly situated persons,<br><br>        Plaintiff(s),<br><br>v.<br><br>STRYKER CORPORATION, WIPRO LIMITED, AMERICAN CYBERSYSTEMS, INC., ABC CORPS. 1-10 and JANE & JOHN DOES 1-10,<br><br>        Defendants. | Civil Action No. 2:18-cv-03515-MCA-CLW<br><br><br><br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |

## INTRODUCTION

1. Plaintiff Mark Pollack ("Plaintiff"), on behalf of himself and all other similarly situated persons, brings this class action lawsuit against Defendants Stryker Corporation, Wipro Limited, American CyberSystems, Inc., ABC Corps. 1-10 and Jane & John Does 1-10, to recover damages under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -49 (the "NJLAD"), and its regulatory analogs codified at Title 13 of the New Jersey Administrative Code (the "NJLAD Regulations").

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there exists complete diversity of citizenship between the parties.

3. Venue is generally proper under 28 U.S.C. § 1391(b)(3) because Defendant Stryker Corporation removed this action from the Superior Court of New Jersey, Union County Law Division, Civil Part, on March 13, 2018.

## PARTIES

4. Plaintiff Mark Pollack ("Plaintiff") is a resident of the State of New Jersey and has resided in the Borough of Roselle Park in the County of Union in the State New Jersey at all times relevant to this matter.

5. Defendant Stryker Corporation (hereinafter "Stryker"), a resident of the State of Michigan, is a corporate entity organized and existing under the laws of Michigan with its principal place of business located 2725 Fairfield Road, Kalamazoo, Michigan 49002.

6. Defendant Stryker is a medical technology company that offers products and services in medical and surgical orthopaedics as well as neurotechnology.

7. Defendant Stryker maintains and operates a facility located at 2 Pearl Court in the Borough of Allendale, County of Bergen and State of New Jersey.

8. Defendant Stryker has at all times relevant herein been subject to the NJLAD and NJLAD Regulations.

9. Defendant Wipro Limited (hereinafter "Wipro") is a resident of the Republic of India.

10. Defendant Wipro provides information technology services to clients and vendors.

11. Defendant Wipro maintains and operates an office located at 2 Tower Center Boulevard, Suite 2200 in the Township of East Brunswick, County of Middlesex and State of New Jersey 08816.

12. Defendant Wipro has at all times relevant herein been subject to the NJLAD and NJLAD Regulations.

13. Defendant American CyberSystems, Inc. (hereinafter "ACS"), a resident of the State of Georgia, is a corporate entity organized and existing under the laws of Georgia with its principal place of business located at 2400 Meadowbrook Parkway in the City of Duluth, County of Gwinnett and State of Georgia 30096.

14. Defendant ACS is a provider of IT consulting, engineering consulting, healthcare, talent and workforce management solutions to clients and vendors.

15. Defendant ACS does business in the State of New Jersey electronically via the internet, email and other means.

16. Defendant ACS has at all times relevant herein been subject to the NJLAD and NJLAD Regulations.

17. Defendants Stryker, Wipro and ACS shall be referred to collectively herein as the "Defendants".

18. Defendants ABC CORPS. 1-10 and/or JANE and JOHN DOES 1-10 are currently unknown entities and/or natural persons, designated by fictitious names herein, who may also be liable to Plaintiff.

**SPECIFIC ALLEGATIONS**

19. On Friday, October 20, 2017, Plaintiff received an email from Javed Mohd, a recruiter employed and working for ACS, a talent solutions firm that provides information technology, engineering and finance professionals to its clients nationwide.

20. The email from Mr. Mohd forwarded a job posting for the position of "Project Manager" for "Client": Defendant Stryker at its Allendale, New Jersey facility.

21. The job posting read as follows:

> **Job Description:**
> **Project Manager for Infrastructure projects—Energetic Young PM**
> Experience in an Infrastructure environment with project management roles. At least 2 major projects executed on major IT initiatives (see below)
> Strong communication skills – ability to report and communicate with multiple stakeholders and project teams
> Strong Project management skills - Ability to plan and execute on major IT initiatives like Data center migration, Office 365, End user computing, Storage, Cloud etc.
> Should have hands on experience in creation of project plans using MS Office tools like Project/Excel, track, monitor and report on progress, dependencies and risks
> Ability to work with multiple stakeholders from the Business, IT, Procurement and 3rd party vendors. Good relationship building skills and people management skills.

(Hereinafter referred to as the "Job Posting").

22. As soon as Plaintiff received the email with the Job Posting, he responded to Mr. Mohd as follows:

> Hi Javed -
>
> Just so you know, putting the fact you are looking for a "young" PM in your ad is AGE DISCRIMINATION and illegal in this country. I will be forwarding this email to my lawyer.
>
> Mark Pollack

23. Approximately six (6) minutes later, Mr. Mohd responded to Plaintiff's above email as follows:

> Hi Mark,
>
> Good Morning, Hope you are doing well,
>
> I did not create this job description, It came from client as it is.
>
> Thanks,
> Javed

24. Thereafter, still on Friday, October 20, 2017, Plaintiff forwarded a copy of his resume by email to Mr. Mohd, along with other pertinent information specifically requested by Mr. Mohd, in connection with applying for the "Project Manager" job position.

25. Upon emailing the above information to Mr. Mohd, Mr. Mohd replied by email to Plaintiff as follows:

> Thanks Mark and I am submitting your resume to client for this position and I will keep you posted about it.
>
> Kindly feel free to call me or email me anytime !
>
> Thanks
> Javed

26. On Tuesday, November 7, 2017, Plaintiff participated in a telephone interview with a hiring manager for one of the Defendants in connection with the "Project Manager" job position.

27. Plaintiff believed that the telephone interview went well.

28. On Thursday, November 9, 2017, Mr. Mohd emailed Plaintiff as follows:

> Hi Mark,
>
> Good Morning, Hope you are doing well,
>
> We are coordinating with the client regarding this interview feedback and we are expecting something good and positive feedback from client for you.
>
> I will keep you posted about this position. Please always feel free to call me or email me !
>
> Thanks,
> Javed

29. On Friday, November 10, 2017, as a response to an email from Plaintiff requesting an "update" on his application and interview for the "Project Manager" job position, Mr. Mohd emailed as follows:

> Hi Mark,
>
> Hope you are doing well,
>
> We spoke with the client regrinding this interview feedback, So they are considering someone else for this position, but you not need to worry, I always keep receiving these kinds of positions, So will submit your resume to different positions.
>
> Please always feel free to call me or email me !
>
> Thanks,
> Javed

30. Plaintiff was fifty-nine (59) years of age on the date he applied for the "Project Manager" job position and on the date he was informed that Defendant Stryker had selected another individual for the position.

31. The "Job Posting" was created, printed, published, posted and/or circulated by one or all of the Defendants.

32. The "Project Manager" job position was an employment position with one or all of the Defendants.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this lawsuit as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and all other individuals who, at any time after November 21, 2015, received a copy of the "Job Posting" in the State of New Jersey.

34. Class action treatment is appropriate because, as summarized in Paragraphs 35- below, all of Rule 23's requirements are satisfied.

35. The class is so numerous that joinder of all class members is impracticable.

36. Plaintiff is a Class Member, his claims are typical of the claims of other Class Members and he has no interests that are antagonistic to or in conflict with the interests of other Class Members.

37. Plaintiff will fairly and adequately represent the Class Members and their interests, and he has retained competent and experienced counsel who will effectively represent the class members' interests.

38. Questions of law and fact are common to all Class Members.

39. Common questions of law and fact predominate over questions affecting only individual Class Members. These common questions include:

    a. Did the Class Members receive the "Job Posting"?;

    b. Does the "Job Posting" violate the NJLAD?;

    c. Did the hiring Defendant for the "Project Manager" position violate the NJLAD on the basis of age?

40. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

41. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications. Prosecution as a class action will also eliminate the possibility of repetitious litigation.

## COUNT ONE

**(VIOLATION OF THE NJLAD EMPLOYMENT ADVERTISING REGULATIONS)**

42. Plaintiff repeats and reiterates each of the above allegations of the Complaint as though fully set forth herein.

43. The NJLAD's Regulations explicitly provide that "[i]t shall be a violation of the Law Against Discrimination … for any employer … to print, publish, post, or circulate, or to cause

to be printed, published, posted, or circulated, any print, electronic, or other advertisement relating to employment, employment opportunities, job openings … or any of the terms, conditions, or privileges thereof, which expresses, overtly or subtly, directly or indirectly, any limitation, specification, preference, or discrimination based on … age … or any intent to make such limitation, unless based on a bona fide occupational qualification." N.J.A.C. 13:11-1.1(a).

44. The NJLAD's Regulations also explicitly provide that "[n]o language in a category heading, label, or job title associated with any advertisement related to employment or employment-related opportunities shall express any limitation, specification, discrimination, or preference based on age …" N.J.A.C. 13:11-1.3(a).

45. Defendants' "Job Posting" violates the above regulations because its heading or label expresses a preference based on age insofar as it uses the express language "**Energetic Young** PM". (Emphasis added).

46. Defendants caused the Job Posting to be printed, published, posted, or circulated.

47. A violation of the above regulations is a violation of the NJLAD itself. N.J.A.C. 13:11-1.1(a).

48. As a result of Defendants' unlawful conduct, Plaintiff has endured significant damages including, but not limited to, physical and bodily injuries, severe emotional distress, humiliation, embarrassment, personal hardship, career and social disruption, psychological and emotional harm, economic losses, and other such damages.

### COUNT TWO

### (VIOLATION OF THE NJLAD – FAILURE TO HIRE)

49. Plaintiff repeats and reiterates each of the above allegations of the Complaint as though fully set forth herein.

50. The NJLAD renders it unlawful discrimination for an employer to refuse to hire or employ an individual on the basis of that individual's "age". N.J.S.A. 10:5-12(a).

51. Plaintiff was qualified for Defendants' "Project Manager" job position and applied for it.

52. Defendants refused to hire Plaintiff for the "Project Manager" job position because he was fifty-nine (59) years of age and therefore was not perceived by the Defendants to qualify as "Energetic" and "Young", unlawful qualities Defendant explicitly sought from candidates to fill the position.

53. As a result of Defendants' unlawful conduct, Plaintiff has endured significant damages including, but not limited to, physical and bodily injuries, severe emotional distress, humiliation, embarrassment, personal hardship, career and social disruption, psychological and emotional harm, economic losses, and other such damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mark Pollack, on behalf of himself and all other Class Members, respectfully requests that the Court enter judgment in his favor and against Defendants Stryker Corporation, Wipro Limited and American CyberSystems, Inc., individually, jointly, severally and/or in the alternative, as follows:

A. Certify a class action pursuant Fed R. Civ. P. 23 and appoint Plaintiff and his counsel to represent the Class;

B. Declare and find that the Defendants violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -49;

C. Declare and find that the Defendants violated Title 13 of the New Jersey Administrative Code, specifically N.J.A.C. 13:11-1.1 to -1.6.

    D.  Award compensatory economic damages in an amount according to proof;

    E.  Award compensatory non-economic damages for emotional distress and dismay;

    F.  Award all costs, expenses and attorney's fees, with appropriate enhancement, incurred in prosecuting this claim;

    G.  Award pre-judgment and post-judgment interest at the highest rates allowed by law;

    H.  Injunctive relief in the form of an order directing Defendants to comply with New Jersey law; and

    I.  Such other relief as in law or equity may pertain.

## **JURY TRIAL DEMANDED**

Plaintiff demands a jury trial as to all issues so triable.

Date: May 24, 2018  
Princeton, New Jersey

Respectfully submitted,

By: /s/ Ravi Sattiraju  
**THE SATTIRAJU LAW FIRM, P.C.**  
Ravi Sattiraju, Esq.  
Anthony S. Almeida, Esq.  
116 Village Boulevard, Suite 200  
Princeton, New Jersey 08540  
Tel: (609) 799-1266  
Fax: (609) 228-5649  
Email: rsattiraju@sattirajulawfirm.com  
*Attorneys for Plaintiff and all other similarly situated persons*.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I, Ravi Sattiraju, Esq., counsel for Plaintiff Mark Pollack, on behalf of himself and others similarly situated, certify that the matter in controversy is not the subject of any other action pending in any court nor any pending arbitration or administrative proceeding.

By: /s/ Ravi Sattiraju
    **THE SATTIRAJU LAW FIRM, P.C.**
    Ravi Sattiraju, Esq.

Date:  May 24, 2018
         Princeton, New Jersey

## DEMAND TO PRESERVE EVIDENCE

**DEMAND IS HEREBY MADE** that all Defendants preserve all physical and electronic information pertaining or relating in any way to: (a) Plaintiff's claims under the New Jersey statutory and regulatory law; (b) any and all defenses thereto; and (c) pertaining or relating to any electronic data storage, digital images, computer images, cache memory, searchable data, emails, spreadsheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, Myspace, LinkedIn, etc.) and any other information and/or data and/or things and/or documents which may pertain to any claim or defense concerning this Class Action Complaint. Failure to do so may result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

By: /s/ Ravi Sattiraju
    **THE SATTIRAJU LAW FIRM, P.C.**
    Ravi Sattiraju, Esq.

Date:  May 25, 2018
         Princeton, New Jersey